IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 10-cr-00458-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID W. TUNGET,

    Defendant.

# ORDER

This matter comes before the Court on defendant's Motion for Tolling of Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Docket No. 59]. Defendant asks that the Court toll the time period for the eventual submission of a motion to vacate, modify, or set aside his sentence. *Id.*

On November 3, 2010, defendant pled guilty to possession of child pornography. Docket No. 14. The Court sentenced defendant to 188 months in prison and ordered him to pay $2,000 in restitution. Docket No. 39. Defendant states that on February 10, 2012, he sent a letter to his court-appointed attorney, Colleen Scissors, requesting that she file an appeal on his behalf. Docket No. 59 at 1. Ms. Scissors did not file such an appeal. On July 1, 2013, defendant asked Ms. Scissors to send him a copy of his client file. *Id.* To date, Ms. Scissors has not provided a copy of the file to defendant.[1]

---

[1] On December 29, 2016, the Court ordered that an attorney from the Criminal Justice Act panel be appointed to represent defendant for the limited purpose of obtaining his criminal case file from Ms. Scissors. Docket Nos. 48-49. Counsel

Defendant states that "[w]ithout his entire criminal file it is impossible to determine if his attorney performed her duties of representation." Docket No. 67 at 3.

"Equitable tolling of the limitations period is available 'when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.'" *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008) (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)). Whether equitable tolling is appropriate depends in part on the nature of the claim for relief and the circumstances that prevented a defendant from filing an earlier appeal. *Id.* For example, equitable tolling is appropriate when a defendant claims he is factually innocent or if an adversary's conduct prevented a prisoner from timely filing a § 2255 petition. *Id.*

Defendant has not yet submitted a motion for relief under § 2255 or clearly stated the basis for any such motion. In the absence of information regarding defendant's claim and the circumstances that delayed his filing of a motion for relief, the Court finds that defendant's motion for equitable tolling is premature. Defendant may raise the issue of equitable tolling once he presents his motion to vacate, modify, or set aside his sentence under § 2255.

Accordingly, it is

---

appointed for that purpose has indicated that Ms. Scissors has been unable to locate Mr. Tunget's case file. Docket No. 63 at 1, ¶ 1. However, defendant has now been provided with the discovery materials and presentence reports contained in the U.S. Attorney's files. Docket No. 64 at 1, ¶¶ 2-3.

**ORDERED** that defendant's Motion for Tolling of Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Docket No. 59] is denied without prejudice.

DATED August 2, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge