IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-02044-PAB
Criminal Case No. 10-cr-00458-PAB

UNITED STATES OF AMERICA,

v.

DAVID W. TUNGET,

    Defendant.

---

### ORDER DENYING 28 U.S.C. § 2255 MOTION

---

    This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 70] filed by David W. Tunget. Because Mr. Tunget is not represented by counsel, the Court will construe his motion liberally but will not serve as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### I. BACKGROUND

    On September 1, 2010, Mr. Tunget was charged by information with knowingly possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) & (b)(2). Docket No. 1. On September 9, 2010, the Court appointed Colleen Scissors as counsel for Mr. Tunget, Docket No. 6, and Mr. Tunget filed a waiver of indictment. Docket No. 8. On September 16, 2010, Mr. Tunget filed a notice of disposition. Docket No. 9. On November 3, 2010, the Court held a change of plea hearing. Docket No. 14. The plea agreement was made pursuant to Fed. R. Crim. P. 11(c)(1)(C). Docket No. 15 at 1. The parties stipulated to a sentence of 10 years' imprisonment and estimated that Mr.

Tunget had a total offense level of 30, a criminal history category of II, and a resulting guidelines range of 108 to 135 months imprisonment. Docket No. 15 at 1-3, 9-10. Mr. Tunget pled guilty to Count One of the Information. Docket No. 14 at 2.

At the sentencing hearing on February 4, 2011, the Court determined that the applicable guidelines range was substantially higher than what the parties had calculated in their plea agreement. Docket No. 31. The Court found that Mr. Tunget was subject to a two-level enhancement for distribution of pornography under U.S.S.G. § 2G2.2(b)(3)(F) and a five-level enhancement under § 2G2.2(b)(5) based on his prior conviction for sexual abuse of a child. The application of these enhancements resulted in a total offense level of 35 and a guideline range of 188 to 235 months imprisonment. After denying Mr. Tunget's request for a variant sentence, *id.* at 2, the Court rejected the parties' plea agreement and expressed its intent to sentence Mr. Tunget to 188 months imprisonment followed by 20 years supervised release. The Court continued the sentencing hearing for the parties to consider whether to set the matter for trial. *Id.*

At the sentencing hearing on March 11, 2011, the Court asked counsel for Mr. Tunget whether Mr. Tunget wished to accept the sentence that the Court had indicated it would impose at the last hearing or whether he wished to set the matter for trial. Docket No. 37 at 1. Ms. Scissors indicated that Mr. Tunget would proceed with sentencing. *Id.* Accordingly, the Court sentenced him to 188 months imprisonment, followed by 20 years supervised release. *Id.* at 2. Mr. Tunget's judgment of conviction was entered on March 16, 2011. Docket No. 39.

On August 31, 2015, Mr. Tunget filed a Motion to Reopen pursuant to Federal

Rule of Civil Procedure 60(b)(6) asserting six grounds for relief: (1) prosecutorial misconduct/malicious prosecution; (2) ineffective assistance of counsel; (3) errors and omissions in the presentence investigation report; (4) actual innocence of the distribution charge; (5) new evidence; and (6) the Adam Walsh Act. Docket No. 42. The Court dismissed the motion on September 18, 2015 for lack of jurisdiction. Docket No. 43 at 5. In doing so, the Court declined to recharacterize the motion as a motion to vacate under 28 U.S.C. § 2255, finding that such a motion would be time-barred under § 2255(f)'s one-year statute of limitations. Docket No. 43 at 3-5.

On March 31, 2017, Mr. Tunget filed a Motion for Tolling of Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 in which he detailed his repeated, unsuccessful efforts to obtain his case file from Ms. Scissors. Docket No. 59. Because Mr. Tunget had not yet filed a § 2255 motion, the Court dismissed his motion for tolling as premature. Docket No. 68.

On August 24, 2017, Mr. Tunget filed his § 2255 motion to vacate and a renewed motion for tolling. Docket Nos. 70, 71. Mr. Tunget asserts three grounds for relief: ineffective assistance of counsel, prosecutorial misconduct, and sentencing miscalculation. He also contends that he is entitled to equitable tolling of the one-year statute of limitations under § 2255(f), based on his withdrawal from Xanax and his attorney's failure to turn over his case file.

## II. ANALYSIS[1]

The Court does not reach the merits of Mr. Tunget's claims because his § 2255 motion must be dismissed as untimely.

Pursuant to 28 U.S.C. § 2255(f), a one-year statute of limitations applies to motions to vacate, set aside, or correct a federal sentence. The statute provides that the limitations period

> shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Because Mr. Tunget did not file a direct appeal, his conviction and sentence became final for purposes of § 2255(f)(1) on March 30, 2011, fourteen days after his judgment of conviction was entered. *See United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006) ("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct

---

[1] Because the "motion and the files and records of the case conclusively show that [Mr. Tunget] is entitled to no relief," 28 U.S.C. § 2255(b), the Court will resolve Mr. Tunget's § 2255 motion without an evidentiary hearing.

criminal appeal."); *see also* Fed. R. App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."). Accordingly, under § 2255(f)(1), the one-year limitations period began to run on March 30, 2011 and expired on March 30, 2012. Mr. Tunget did not file the instant motion until August 24, 2017.

Mr. Tunget argues that he is entitled to equitable tolling because his attorney's failure to turn over his case file left him "with no evidence to confirm what, if anything Ms. Scissors accomplished with regard to any investigation of the government's allegations." Docket No. 71 at 1; *see also* Docket No. 70-1 at 14; Docket No. 80 at 4, 9, 11. The Court liberally construes this argument as an assertion that the one-year limitations period should run from a later date under § 2255(f)(4) because Mr. Tunget's inability to obtain his case file prevented him from discovering the factual basis for his ineffective assistance claims.[2] This argument, however, is unavailing.

Mr. Tunget asserts six bases for his ineffective assistance claims. First, he argues that Ms. Scissors should have objected to the Court's application of a five-level sentence enhancement under § 2G2.2(b)(5) because Mr. Tunget's prior conviction resulted from a nolo contendere plea, which was not admissible against Mr. Tunget under Federal Rule of Evidence 410. Docket No. 70-1 at 15-16.[3] Second, Mr. Tunget

---

[2]Mr. Tunget does not argue that his inability to obtain a copy of his case file prevented him from learning the factual basis for his claims of prosecutorial misconduct and sentencing error.

[3]One of the principal bases for Mr. Tunget's claims of ineffective assistance of counsel and prosecutorial misconduct is that the government misrepresented that Mr.

contends that he should not have been subject to a two-level enhancement under § 2G2.2(b)(3)(F) because there was no evidence that he knowingly distributed child pornography. *Id.* at 18-19. The Court construes this argument as a claim that Ms. Scissors was ineffective for failing to object to the application of the two-level enhancement at sentencing. Mr. Tunget's third argument is that Ms. Scissors provided inadequate representation by failing to challenge the government's computer forensics report. *Id.* at 20-24. Specifically, Mr. Tunget contends that the report did not provide any evidence that images were downloaded or viewed on or about the date listed in the information. *Id.* at 21-24. He claims that, by failing to have "an independent forensics examination done for the defense . . ., Ms. Scissors failed her client by not testing the government's evidence." *Id.* at 22. Fourth, Mr. Tunget argues that there was no evidence that he knowingly possessed child pornography. *Id.* at 24-25. The Court construes this argument as an assertion that Ms. Scissors was ineffective in failing to challenge the sufficiency of the government's evidence. In his final two claims, Mr. Tunget asserts that (1) certain arguments made by Ms. Scissors amounted to ineffective assistance, *see id.* at 27, and (2) Ms. Scissors encouraged him to "stipulate to the factual basis and facts relevant to sentencing, a document full of errors." *Id.* at

---

Tunget's prior conviction for sexual abuse of a child resulted from a guilty plea, not a nolo contendere plea. However, in applying the five-level sentence enhancement under § 2G2.2(b)(5) at the February 4, 2011 hearing, the Court noted that Mr. Tunget had "entered a plea of no contest" to the prior charge of sexual abuse. Thus, in addition to the fact that Mr. Tunget's claims are time-barred, there is no support in the record for his assertions that the government improperly withheld information concerning the nature of his plea and that his counsel was ineffective for failing to correct the government's alleged misrepresentation to the Court. *See* Docket No. 70-1 at 16, 27.

28.[4]

The Court finds that the facts supporting Mr. Tunget's claims of ineffective assistance should have been known to him at the time he was sentenced. All of Mr. Tunget's claims revolve around the arguments that Ms. Scissors raised – or did not raise – in regard to sentencing. But Mr. Tunget would have been aware of the facts supporting these claims by March 11, 2011, based on his review of the parties' plea agreement, the Court's review of the plea agreement and guideline calculation with Mr. Tunget at the change of plea hearing, Mr. Tunget's statement at the change of plea hearing that he did not disagree with the factual basis for his plea, and Mr. Tunget's presence at the sentencing hearings. *See United States v. Armenta*, 165 F. App'x 578, 579 (10th Cir. 2006) (unpublished) (finding that reasonable jurists could not debate district court's determination that "facts supporting Mr. Armenta's ineffective assistance of counsel claim were known to him at the time he was sentenced, and that the later receipt of the case file did not provide Mr. Armenta with any new evidence regarding his claim"). This conclusion is supported by the fact that Mr. Tunget filed his § 2255 motion to vacate without the benefit of his attorney's case file. *See* Docket No. 63 (stating that

---

[4]Mr. Tunget appears to assert two additional ineffective assistance claims in his reply brief: (1) Ms. Scissors failed to order an independent forensics examination of Mr. Tunget's computer to determine whether it contained 600 actual images of child pornography, *see* Docket No. 80 at 13; and (2) Ms. Scissors should have renegotiated a plea agreement acceptable to the Court after the first plea agreement was rejected. *See id.* at 18. To the extent that it is appropriate to address arguments raised for the first time in a reply brief, *see United States v. Archuleta*, 2017 WL 3057665, at *5-6 (D.N.M. June 28, 2017) (discussing application of waiver rule to arguments raised for the first time in a reply to a § 2255 motion), the Court finds that the arguments are also barred by the one-year limitations period under § 2255(f) for the reasons discussed below.

counsel was unable to locate client file but that the U.S. Attorney's Office had agreed to produce its files from the case); Docket No. 70-1 at 13 (stating that Mr. Tunget only has access to "prosecution's discovery").

Mr. Tunget contends that he cannot determine what "strategies Ms. Scissors may have considered" absent a copy of her case file. Docket No. 70-1 at 13; *see also* Docket No. 80 at 4 (asserting that the files provided by the U.S. Attorney's Office are insufficient because they "do not include any indication of Ms. Scissor's [sic] defense strategy at sentencing, nor do they include a sentencing transcript from which this Court can infer any such defense strategy, nor do the files include any indication of what, if any, investigation Ms. Scissors performed in her defense of her client"). Again, however, Mr. Tunget has asserted his ineffective assistance claims without the benefit of that file. Moreover, to the extent Mr. Tunget is suggesting that he needed confirmatory evidence of Ms. Scissors' deficient representation prior to the filing of his habeas motion, he misunderstands the standard under § 2255(f)(4). *See United States v. Crawford*, 564 F. App'x 380, 385 (10th Cir. 2014) (unpublished) (rejecting argument that limitations period under § 2255 did not begin to run until petitioner had actual proof of police misconduct). As the Tenth Circuit has stated, "[t]he operative date [under § 2255(f)(4)] is the date [a petitioner] acquire[s] *knowledge* of the facts underlying her claim." *Id.* In this case, that date was March 11, 2011.[5]

---

[5]As the government argues, Mr. Tunget could have gained insight into Ms. Scissors' defense strategies to bolster his ineffective assistance claims through her testimony at an evidentiary hearing. *See* 28 U.S.C. § 2255(b) (requiring evidentiary hearing on § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"); *see also United States v. Reyes-Espinoza*, 2018 WL 1033199, at *1, *4 (D.N.M. Feb. 22, 2018) (considering

Mr. Tunget also appears to assert that he needed his case file because his memory of the proceedings have become "clouded." Docket No. 80 at 5. But the limitations period under § 2255(f) begins to run on the date a petitioner first knows or should have known of the factual basis for his claims. That clock does not restart simply because the passage of time causes a petitioner to forget details of the underlying criminal proceedings.

Finally, Mr. Tunget suggests that he may have claims for ineffective assistance that have not been discovered due to his attorney's failure to produce the case file. Docket No. 70-1 at 14 (stating that, because there is "no evidence in support of [Ms. Scissors'] conduct during the plea and sentencing phases of Mr. Tunget's case, it is impossible to determine her professionalism, or lack thereof, at those critical times"). It is not clear that Mr. Tunget's inability to obtain his attorney's case file would justify a delay in the running of the limitations period. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (holding that petitioner was not entitled to trial transcript in order to prove conclusory allegations of ineffective assistance before filing petition under § 2254); *cf. Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750-51 (6th Cir. 2011) (stating that "the unavailability of or delay in receiving transcripts is not enough to entitle a habeas petitioner to equitable tolling" because "access to the trial transcript . . . is not necessary to file a habeas petition"); *Castro-Gaxiola v. United States*, 665 F. Supp. 2d 1049, 1052 (W.D. Mo. 2009) (holding that § 2255 petitioner's difficulty "in receiving . . . his former attorney's case file . . . [did] not constitute extraordinary circumstances"

---

attorney's testimony at evidentiary hearing on petitioner's ineffective assistance claim). However, Mr. Tunget did not file a timely request for a hearing.

sufficient to warrant equitable tolling because petitioner's "possession of [the] case file was not a prerequisite to filing his § 2255 motion"). In any event, such claims are not properly before the Court and thus the Court will not speculate as to whether they would be time-barred under § 2255(f).

Because Mr. Tunget is not entitled to a later start date for the running of the limitations period under § 2255(f)(4), the timeliness of his motion must be determined by reference to § 2255(f)(1). Under that provision, the deadline for Mr. Tunget to file his motion to vacate expired on March 31, 2012 unless Mr. Tunget can demonstrate that he is entitled to equitable tolling.

The one-year limitations period under § 2255(f) is not jurisdictional and may be equitably tolled if a petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *United States v. Grealish*, 559 F. App'x 786, 788 (10th Cir. 2014) (unpublished) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)). Mr. Tunget bears the burden of demonstrating that equitable tolling is warranted. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008).

Mr. Tunget argues that equitable tolling is appropriate in this case because, due to symptoms associated with Xanax withdrawal, he did not realize that he needed to file his own habeas petition until July 1, 2013. Docket No. 71 at 2. After that date, Mr. Tunget asserts that his attorney refused to provide him with a copy of his client file, thereby preventing him from uncovering the factual basis for his ineffective assistance claims. *Id.* at 1, 3-4. The government responds that, even if the limitations period is

tolled until July 1, 2013, Mr. Tunget cannot demonstrate that he diligently pursued his claims because he did not follow up on his July 1, 2013 request for his case file until September 2015. Docket No. 76 at 4.

After considering the facts asserted by Mr. Tunget and the procedural history in this case, the Court finds that Mr. Tunget has failed to demonstrate that he is entitled to equitable tolling. Even if Mr. Tunget's alleged withdrawal from Xanax were sufficient grounds to toll the limitations period until July 1, 2013, Mr. Tunget has not shown that he diligently pursued his claims after that date.[6] Mr. Tunget claims that his attorney's refusal to provide him with a copy of his case file prevented him from filing an earlier § 2255 motion. Mr. Tunget sent a letter to Ms. Scissors requesting a copy of his case file on July 1, 2013. *See* Docket No. 71 at 13. However, there is no evidence that Mr. Tunget followed up on this request until September 28, 2015, when he claims that he sent Ms. Scissors a certified letter that was returned as undeliverable. Docket No. 44 at

---

[6]Because the Court assumes, without deciding, that Mr. Tunget is entitled to equitable tolling until July 1, 2013, the fact that Ms. Scissors failed to respond to his February 10, 2012 letter requesting that she file an appeal on his behalf does not alter the Court's analysis. In any event, Mr. Tunget does not assert an ineffective assistance claim based on counsel's failure to file an appeal on his behalf. And, although Mr. Tunget suggests that Ms. Scissors could have filed a § 2255 motion in 2012, *see* Docket No. 71 at 2 (noting that request for an appeal was made within the one-year limitations period for a habeas motion), he has not alleged any facts establishing that Ms. Scissors agreed – or was otherwise obligated – to represent him in seeking post-conviction relief. *Compare Holland v. Florida*, 560 U.S. 631, 635-36, 652-53 (2010) (finding that facts supported equitable tolling where attorney who had been appointed to represent the petitioner during state and federal postconviction proceedings failed to file a habeas petition within the limitations period). Mr. Tunget further admits that, by July 1, 2013, he had "realized that he would have to file his own collateral attack." Docket No. 71 at 2.

1.[7]  Mr. Tunget does not offer any explanation for why he did not continue to pursue his claims or attempt to retrieve his case file during this two-year period. Nor does he contend that he tried to obtain the requested documents from the Court or the U.S. Attorney's Office. *See United States v. Denny*, 694 F.3d 1185, 1191-92 (10th Cir. 2012) (attorney's delay in forwarding case records did not warrant equitable tolling in part because petitioner did not show that he diligently tried to obtain the documents from another source, such as the court's docket).[8]  Based on these facts, the Court finds that Mr. Tunget has failed to demonstrate that he diligently pursued his claims. *See Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) ("An inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." (brackets and internal quotation marks omitted)). Mr. Tunget is therefore not entitled to equitable tolling and his § 2255 motion to vacate will be denied as untimely.

---

[7]Even assuming it would have been reasonable for Mr. Tunget to wait several months before following up on his July 1, 2013 letter, the one-year limitations period would have run long before the filing of his motion to reopen on August 31, 2015.

[8]In his July 1, 2013 letter, Mr. Tunget requested the following documents: (1) the information record showing the evidence supporting the charges; (2) the waiver of indictment; (3) the plea agreement; (4) the presentence report; (5) the Court's rejection of the plea agreement; (6) the victim impact reports; (7) the judgment of conviction; and (8) any other records that would help him in "his pursuit of a just sentence reduction." Docket No. 71 at 13. None of these documents were in the exclusive possession of defense counsel. Moreover, multiple courts have held that a petitioner's inability to obtain a trial transcript or case file does not constitute "extraordinary circumstances" warranting equitable tolling. *See, e.g.*, *Hall*, 662 F.3d at 750-51; *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001); *Castro-Gaxiola,* 665 F. Supp. 2d at 1052.

## III. CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In the present case, the Court concludes that Mr. Tunget has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will deny a certificate of appealability.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that petitioner's Renewed Motion for Tolling [Docket No. 71] is **DENIED**. It is further

**ORDERED** that the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Docket No. 70] is **DENIED** as time-barred under 28 U.S.C. § 2255(f). It is further

**ORDERED** that a certificate of appealability is **DENIED**. It is further

**ORDERED** that petitioner's Motion to Transfer Case to Magistrate for Report and Recommendation, or in the Alternative Motion to Rule on Merits of Pending § 2255

[Docket No. 81] is **DENIED** as moot.

DATED July 11, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge